United States Court of Appeals
Fifth Circuit

**F I L E D**

**November 11, 2003**

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

No. 02-31243

IRA VAUGHN; BOBBY VAUGHN, doing business as Oak Ridge Lounge;
CHRISTY BARBER

Plaintiffs - Appellees

VERSUS

ST. HELENA POLICE JURY

Defendant - Appellant

Appeal from the United States District Court
For the Middle District of Louisiana, Baton Rouge
01-CV-772

Before DAVIS and EMILIO M. GARZA, Circuit Judges and LITTLE[*],
District Judge.

PER CURIAM:[**]

St. Helena Parish Police Jury prosecutes this appeal

challenging the district court's order granting a preliminary

---

[*]District Judge of the Western District of Louisiana, sitting by
designation.

[**]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this
opinion should not be published and is not precedent except under
the limited circumstances set forth in 5TH CIR. R. 47.5.4.

injunction enjoining the Parish from enforcing Section 14:16 of its Code of Ordinances regulating erotic dancing. The issue on appeal is a very narrow one: whether the district court correctly concluded that the ordinance violated the plaintiffs' free speech rights; more particularly whether the dress restrictions imposed by the ordinance on dancers, patrons and non-dancing employees alike in all establishments that serve alcohol is greater than necessary for the furtherance of the governmental interests. United States v. O'Brien, 391 U.S. 367, 888 S. CT. 1673, 20 L.Ed.2d 672(1968).

This appeal is only a chapter in this case because the parties will have the opportunity to produce more evidence at the hearing on the permanent injunction and the district court will have an opportunity to reconsider the application for injunction in light of all the evidence. Mindful that this case is in a transitory state, we conclude that we should make the following disposition: 1. We agree with the district court that the Parish does not articulate any reasonable belief that a link exists between the regulation of the dress of patrons of all establishments serving alcohol and the furtherance of any legitimate governmental interest. Baby Dolls Topless Saloons, Inc., v. City of Dallas, 295 F.3d 471, 481 (5th Cir. 2000. This is sufficient for us to conclude that the ordinance violates O'Brien's fourth factor and violates rights secured to the plaintiff under the First Amendment. 2. On this record, we believe the district court's conclusion that the ordinance imposes dress restrictions for the dancers in

2

such clubs that are more restrictive than necessary to further the government's legitimate interest is inconsistent with our recent decision in <u>Baby Dolls</u>.  We disagree with the district court that the parish was required to find that the less restrictive ordinance previously in effect  was ineffective to regulate dancers in erotic clubs before it could enact the more restrictive ordinance at issue in this case.  The restrictions placed on the dress of dancers in the Dallas ordinance in <u>Baby Dolls</u> are indistinguishable from the restrictions on the dress of dancers imposed by the ordinance in our case.

For the reasons stated above, we conclude that the district court did not abuse its discretion in granting the preliminary injunction.  We therefore affirm the judgment of the district court and remand this case to that court for further proceedings.

AFFIRMED AND REMANDED.